## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ARWA CHIROPRACTIC, P.C., an Illinois professional corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MED-CARE DIABETIC & MEDICAL SUPPLIES INC., STEVEN SILVERMAN, and JOHN DOES 1-12, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Arwa Chiropractic, P.C. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly-situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, Med-Care Diabetic & Medical Supplies, Inc. ("Med-Care"), Steven Silverman ("Silverman"), and JOHN DOES 1-12, (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of faxing unsolicited advertisements, in violation of federal law.

2.      Defendants sent advertisements in an attempt to sell its prescription medications and medical products.

3. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").

4. The TCPA mandates that if a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously included on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5. The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court can treble the damages.

6. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the

common law of conversion, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

8.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION, AND VENUE

9.    Plaintiff is an Illinois professional corporation with its principal place of business in Aurora, DuPage County, Illinois.

10.    Defendant Med-Care Diabetic & Medical Supplies, Inc. is a Florida corporation.  On information and belief, Med-Care has its principal place of business in Boca Raton, Florida.

11.    On information and belief, Defendant Steven Silverman resides in Gulfstream, Florida.

12.    Plaintiff included Defendants John Does 1-12 as it is not clear whether any entities or persons other than Surefire or Mills actively participated in the transmission of the subject fax advertisements, or benefitted from the transmissions.

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

14.    Venue is proper in the Northern District of Illinois because Defendants committed a statutory tort within this district and a significant portion of the events took place here.

## FACTS

15.     From June 2013 to October 2013, Defendants sent, or caused to be sent, seven unsolicited fax advertisements to Plaintiff.  Exhibit A, copies of the subject fax advertisements.  The faxes contained within Exhibit A were sent, or caused to be sent, by Defendants.

16.     The subject faxes advertise the goods, products, or services of Defendant Med-Care.  Id.  Exhibit A contains seven one-page fax advertisements that attempt to sell medical products offered by Defendants, including Ipratropium-Albuterol and a Nebulizer Kit.  Id.  Exhibit A masquerades as a request by a patient for the recipient to sign off on a prescription so that the cost can be covered by Medicare.  Id.  However, the patient listed on each advertisement is not in fact an actual patient of the recipient.  Rather, the fax advertisements contained in Exhibit A are a ruse to get the recipient to order Defendants' products.  Id.  Defendants sent, or caused these unsolicited fax advertisements to be sent to Plaintiff and a class of similarly-situated persons.

17.     Defendant Silverman is the president of Defendant Med-Care.  Upon information and belief, Defendant Mills actively participated in the scheme to send the subject unsolicited fax advertisements to persons without first obtaining their express permission in that he drafted the subject faxes, actively participated in determining where the subject faxes would go, and actively participated in transmitting the subject faxes.

4

18.     Plaintiff did not invite or give permission to anyone to send any of the faxes contained in Exhibit A to it.

19.     On information and belief, Defendants sent the same facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This allegation is based, in part, on the fact that Plaintiff never gave permission to anyone to send the subject fax advertisement to it, that Plaintiff never conducted business with Defendants, that Defendants are located in Florida, and that sending advertisements by fax is a very cheap way to reach a wide audience.

20.     There is no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of the Class, initially defined as follows:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability of property, goods, or services offered by "Med-Care Diabetic & Medical Supplies", that did not contain an opt-out notice that complied with federal law.

22.     Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

23. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative Class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

24. **Numerosity/Impracticality of Joinder**: On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

25. **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

     a.     Whether Defendants sent unsolicited fax advertisements;

b.      Whether the faxes contained in <u>Exhibit A</u> advertised the commercial availability of property, goods or services;

c.      The manner and method Defendants used to compile or obtain the lists of fax numbers to which they sent the faxes contained in <u>Exhibit A</u> and other unsolicited fax advertisements;

d.      Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

e.      Whether Defendants' lack of opt-out notice violated the TCPA;

f.      Whether each Defendant is, respectively, directly or vicariously liable for violating the TCPA;

g.      Whether Plaintiff and the other Class members are entitled to statutory damages;

h.      Whether Defendants should be enjoined from faxing advertisements in the future;

i.      Whether the Court should award trebled damages;

j.      Whether Defendant's conduct as alleged herein constituted conversion;

k.      Whether Defendants' conduct as alleged herein was unfair under ICFA; and

l.      Whether Defendants' conduct as alleged herein constituted a violation of ICFA.

26. **Typicality of claims**:  Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received unsolicited fax advertisements from Defendants that also did not contain opt-out notices pursuant to the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

27. **Adequacy of Representation**:  Plaintiff is an adequate representative of the Class because its interests do not conflict with the interest of the members of the Class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

28. **Prosecution of Separate Claims Would Yield Inconsistent Results**: Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when Class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

29. **Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate:** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227

30. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

31. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons.

32. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

33. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services

which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

34. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) Both such actions.

35. In relevant part, the TCPA states that "[t]he Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47 U.S.C. § 227 (b) (2) (D) (i).

36. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

37. Defendants violated 47 U.S.C. § 227 et seq. by sending advertisements by fax (such as <u>Exhibit A</u>) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission.

38.     Defendants violated 47 U.S.C. § 227 et seq. by not providing opt-out notices on the faxes contained in <u>Exhibit A</u> as required by the TCPA.

39.     Facsimile advertising imposes burdens on unwilling recipients that are distinct from the burden imposed by other types of advertising.  The content of the required opt-out notice is designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions.  If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the senders fail to enable the recipients with the appropriate information to stop the burden imposed by this form of advertisement.

40.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other Class members even if their actions were negligent.

41.     Moreover, Defendants are liable to Plaintiff and the other Class members under the TCPA for not including an opt-out notice even if Defendants ultimately prove that they obtained prior express permission to send the advertisements by fax or prove that Defendants had an established business relationship with Plaintiff and the other Class members.

42.     Each Defendant is liable because, respectively, it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

43.     Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other Class members did not have an established business relationship with Defendants, that the faxes contained in Exhibit A are advertisements, and that the faxes contained in Exhibit A did not display the opt-out notices as required by the TCPA.

44.     Defendants' actions caused damages to Plaintiff and the other Class members.  Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other Class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Exhibit A occurred outside Defendants' premises.

45.     Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B.     That the Court award $500.00-$1,500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

46.     Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

47.     Plaintiff brings Count II on behalf of itself and a class of similarly situated persons.

48.     By sending Plaintiff and the other Class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to their own use.  Defendants also converted Plaintiff's employees' time to their own use.

49.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

50.     By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use.  Such misappropriation was wrongful and without authorization.

51.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

52.     Plaintiff and the other Class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

53.     Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

54.     Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

55.     Plaintiff brings Count III on behalf of itself and a class of similarly situated persons.

56.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other Class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other Class members to pay for Defendants' advertising campaign.

57.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

58.     Defendants' misconduct caused damages to Plaintiff and the other members of the Class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

59. Defendants' actions caused damages to Plaintiff and the other Class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the Class representative, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court award damages to Plaintiff and the other Class members;

C. That the Court award attorneys' fees and costs; and

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers.

16

Respectfully submitted,

ARWA CHIROPRACTIC, P.C., an
Illinois professional corporation,
individually and as the representative
of a class of similarly-situated persons,

By:   /s/ James M. Smith
One of its attorneys

Phillip A. Bock
Richard J. Doherty
Jonathan B. Piper
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500

# EXHIBIT A



**Med-Care Diabetic & Medical Supplies**
933 Clint Moore Road
Boca Raton FL 33487
Phone # 1-888-777-0737 - Fax # 1-866-283-2031


OFFICIAL MEDICARE CONTRACTED SUPPLIER COMPETITIVE BID WINNER

Your patient has asked us to contact you regarding authorization for a Nebulizer and its medications to help with their breathing problems. Your help in this matter is greatly appreciated by your patient and us. <u>Please review the prescriptions to sections 1, 2 & 3 before signing</u>. In order to supply these products to your patient, under the Medicare program, we must obtain a signed order by the patient's physician. Kindly sign and fax this form to our TOLL FREE FAX # above. Your cooperation will be greatly appreciated. THANK YOU!

**10/25/2013**

Patients Name: SIR LOVE                    DOB: 6/26/2001
        3617 1/2 SCHALCK DR
        ROCKFORD IL 61103-0000  Policy: FLMEDICAID ID: 22293223*NEB
_____
Please Fill Out the Prescription Completely. Place a (X) next to all Medications that apply.

## PLEASE SPECIFY DIRECTIONS FOR RX

→ ☑ **Ipratropium-Albuterol** 0.5-3 mg / 3 ml (DUONEB Equivalent)

[ ] BID [ ] TID [ ] QID [ ] Q 4 hours   *Q4 unless otherwise indicated*       (90 day supply)
REFILLS:     12 unless otherwise indicated

SECTION 2

→ ☑ **Nebulizer Kit** ( ) Filters ( ) Aerosol Mask

→**Diagnosis Codes**:

Please put a (X) next to all that apply.

[ ] 493.90 Bronch Asthma   [ ]   492.8 Emphysema    [ ]    496 C.O.P.D

[ ] OTHER:_____

DURATION OF NEED: 12 MONTHS UNLESS OTHERWISE SPECIFIED _____

SECTION 3
⇒Physicians Signature: _____ Date: _____
                    (NO STAMPS)          NPI #  1932126711


Physician Name: MURTAZA  HAMEED          Phone # (630) 499-2583
4255 WESTBROOK DR              Fax# (321) 600-5891
213
AURORA IL 60504-0000



**Med-Care Diabetic & Medical Supplies**
933 Clint Moore Road
Boca Raton FL 33487
Phone # 1-888-777-0737 - Fax # 1-866-283-2031



Your patient has asked us to contact you regarding authorization for a Nebulizer and its medications to help with their breathing problems. Your help in this matter is greatly appreciated by your patient and us. **Please review the prescriptions to sections 1, 2 & 3 before signing.** In order to supply these products to your patient, under the Medicare program, we must obtain a signed order by the patient's physician. Kindly sign and fax this form to our TOLL FREE FAX # above. Your cooperation will be greatly appreciated. THANK YOU!

**10/25/2013**

Patients Name: SIR LOVE                                    DOB: 6/26/2001
        3617 1/2 SCHALCK DR
        ROCKFORD IL 61103-0000   Policy: FLMEDICAID  ID: 22293223*NEB
_____
Please Fill Out the Prescription Completely. Place a (X) next to all Medications that apply.

## PLEASE SPECIFY DIRECTIONS FOR RX

**→ ☒ Ipratropium-Albuterol** 0.5-3 mg / 3 ml (DUONEB Equivalent)

[ ] BID [ ] TID [ ] QID [ ] Q 4 hours   *Q4 unless otherwise indicated*          (90 day supply)
REFILLS:     12 unless otherwise indicated

SECTION 2

**→ ☒ Nebulizer Kit** ( ) Filters ( ) Aerosol Mask

**→ Diagnosis Codes:**

Please put a (X) next to all that apply.

[ ] 493.90 Bronch Asthma  [ ]  492.8 Emphysema   [ ]   496 C.O.P.D

[ ] OTHER:_____

                DURATION OF NEED: 12 MONTHS UNLESS OTHERWISE SPECIFIED _____

SECTION 3
⇒Physicians Signature: _____ Date: _____
                                        (NO STAMPS)              NPI #   1932126711


Physician Name: MURTAZA  HAMEED                    Phone # (630) 499-2583
4255 WESTBROOK DR                                  Fax# (321) 600-5891
213
AURORA IL 60504-0000



**Med-Care Diabetic & Medical Supplies**
933 Clint Moore Road
Boca Raton FL 33487
Phone # 1-888-777-0737 - Fax # 1-866-283-2031



Your patient has asked us to contact you regarding authorization for a Nebulizer and its medications to help with their breathing problems.  Your help in this matter is greatly appreciated by your patient and us.  <u>Please review the prescriptions to sections 1, 2 & 3 before signing</u>. In order to supply these products to your patient, under the Medicare program, we must obtain a signed order by the patient's physician. Kindly sign and fax this form to our TOLL FREE FAX # above. Your cooperation will be greatly appreciated. THANK YOU!

10/2/2013

Patients Name: SIR LOVE                          DOB: 6/26/2001
        3617 1/2 SCHALCK DR
        ROCKFORD IL 61103-0000   Policy: FLMEDICAID  ID: 22293223*NEB

Please Fill Out the Prescription Completely.  Place a (X) next to all Medications that apply.

## PLEASE SPECIFY DIRECTIONS FOR RX

→ ☑ **Ipratropium-Albuterol** 0.5-3 mg / 3 ml (DUONEB Equivalent)

[ ] BID [ ] TID [ ] QID [ ] Q 4 hours   *Q4 unless otherwise indicated*          (90 day supply)
REFILLS:     12 unless otherwise indicated

SECTION 2

→ ☑ **Nebulizer Kit** ( ) Filters ( ) Aerosol Mask

→ **Diagnosis Codes**:

Please put a (X) next to all that apply.

[ ] 493.90 Bronch Asthma  [ ]  492.8 Emphysema   [ ]   496 C.O.P.D

[ ] OTHER:_____

DURATION OF NEED: 12 MONTHS UNLESS OTHERWISE SPECIFIED _____

SECTION 3
⇒Physicians Signature: _____ Date: _____
                              (NO STAMPS)           NPI #   1932126711

Physician Name: MURTAZA  HAMEED          Phone # (630) 499-2583
4255 WESTBROOK DR                        Fax# (321) 600-5891
213
AURORA IL 60504-0000



**Med-Care Diabetic & Medical Supplies**
933 Clint Moore Road
Boca Raton FL 33487
Phone # 1-888-777-0737 - Fax # 1-866-283-2031



Your patient has asked us to contact you regarding authorization for a Nebulizer and its medications to help with their breathing problems. Your help in this matter is greatly appreciated by your patient and us. Please review the prescriptions to sections 1, 2 & 3 before signing. In order to supply these products to your patient, under the Medicare program, we must obtain a signed order by the patient's physician. Kindly sign and fax this form to our TOLL FREE FAX # above. Your cooperation will be greatly appreciated. THANK YOU!

10/9/2013

Patients Name: SIR LOVE               DOB: 6/26/2001

         3617 1/2 SCHALCK DR
         ROCKFORD IL 61103-0000   Policy: FLMEDICAID  ID: 22293223*NEB

Please Fill Out the Prescription Completely.  Place a (X) next to all Medications that apply.

## PLEASE SPECIFY DIRECTIONS FOR RX

⟶ ☑ **Ipratropium-Albuterol** 0.5-3 mg / 3 ml (DUONEB Equivalent)

[ ] BID [ ] TID [ ] QID [ ] Q 4 hours   *Q4 unless otherwise indicated*          (90 day supply)
REFILLS:    12 unless otherwise indicated

SECTION 2

⟶ ☑ **Nebulizer Kit** ( ) Filters ( ) Aerosol Mask

⟶**Diagnosis Codes**:

Please put a (X) next to all that apply.

[ ] 493.90 Bronch Asthma   [ ]   492.8 Emphysema    [ ]    496 C.O.P.D

[ ] OTHER:_____

DURATION OF NEED: 12 MONTHS UNLESS OTHERWISE SPECIFIED _____

SECTION 3

⟹Physicians Signature: _____ Date: _____
                   (NO STAMPS)       NPI #   1932126711

Physician Name: MURTAZA  HAMEED          Phone # (630) 499-2583
4255 WESTBROOK DR                  Fax# (321) 600-5891
213
AURORA IL 60504-0000



**Med-Care Diabetic & Medical Supplies**
933 Clint Moore Road
Boca Raton FL 33487
Phone # 1-888-777-0737 - Fax # 1-866-283-2031



Your patient has asked us to contact you regarding authorization for a Nebulizer and its medications to help with their breathing problems. Your help in this matter is greatly appreciated by your patient and us. **Please review the prescriptions to sections 1, 2 & 3 before signing.** In order to supply these products to your patient, under the Medicare program, we must obtain a signed order by the patient's physician. Kindly sign and fax this form to our TOLL FREE FAX # above. Your cooperation will be greatly appreciated. THANK YOU!

10/17/2013

Patients Name: SIR LOVE                    DOB: 6/26/2001
3617 1/2 SCHALCK DR

ROCKFORD IL 61103-0000    Policy: FLMEDICAID    ID: 22293223*NEB

Please Fill Out the Prescription Completely. Place a (X) next to all Medications that apply.

## PLEASE SPECIFY DIRECTIONS FOR RX

**→ ☑ Ipratropium-Albuterol** 0.5-3 mg / 3 ml (DUONEB Equivalent)

[ ] BID [ ] TID [ ] QID [ ] Q 4 hours    *Q4 unless otherwise indicated*    (90 day supply)
REFILLS:    12 unless otherwise indicated

SECTION 2

**→ ☑ Nebulizer Kit** ( ) Filters ( ) Aerosol Mask

**→ Diagnosis Codes:**

Please put a (X) next to all that apply.

[ ] 493.90 Bronch Asthma  [ ]  492.8 Emphysema  [ ]  496 C.O.P.D

[ ] OTHER: _____

DURATION OF NEED: 12 MONTHS UNLESS OTHERWISE SPECIFIED _____

SECTION 3
⇒Physicians Signature: _____ Date: _____
(NO STAMPS)    NPI #   1932126711
Physician Name: MURTAZA HAMEED
4255 WESTBROOK DR    Phone # (630) 499-2583
213    Fax #   (321) 600-5891
AURORA IL 60504-0000

# *CONTRACTED COMPETITIVE BIDDING SUPPLIER*



**Med-Care Diabetic & Medical Supplies**
**933 Clint Moore Road**
**Boca Raton FL 33487**
**Phone # 1-888-777-0737 - Fax # 1-866-283-2031**

Your patient has asked us to contact you regarding authorization for a Nebulizer and its medications to help with their breathing problems. Your help in this matter is greatly appreciated by your patient and us. <u>Please review the prescriptions to sections 1, 2 & 3 before signing</u>. In order to supply these products to your patient, under the Medicare program, we must obtain a signed order by the patient's physician. Kindly sign and fax this form to our TOLL FREE FAX # above. Your cooperation will be greatly appreciated. THANK YOU!

7/10/2013

Patients Name: SIR LOVE                                        DOB: 6/26/2001
          3617 1/2 SCHALCK DR
          ROCKFORD IL 00006-1103   Policy: COMMERCIAL      ID: 22293223*NEB
_____
Please Fill Out the Prescription Completely. Place a (X) next to all Medications that apply.

## PLEASE SPECIFY DIRECTIONS FOR RX

**→ ☑ Ipratropium-Albuterol** 0.5-3 mg / 3 ml (DUONEB Equivalent)

[ ] BID [ ] TID [ ] QID [ ] Q 4 hours   *Q4 unless otherwise indicated*           (90 day supply)
REFILLS:     12 unless otherwise indicated

SECTION 2

**→ ☑ Nebulizer Kit** ( ) Filters ( ) Aerosol Mask

# →Diagnosis Codes:

Please put a (X) next to all that apply.

[ ] 493.90 Bronch Asthma  [ ]   492.8 Emphysema   [ ]   496 C.O.P.D

[ ] OTHER:_____

DURATION OF NEED: 12 MONTHS UNLESS OTHERWISE SPECIFIED _____

SECTION 3
⇒Physicians Signature: _____ Date: _____
                              (NO STAMPS)            NPI #   1932126711

Physician Name: MURTAZA  HAMEED              Phone # (630) 499-2583
4255 WESTBROOK DR                           Fax# (321) 600-5891
213
AURORA IL 60504-0000

# *CONTRACTED COMPETITIVE BIDDING SUPPLIER*



**Med-Care Diabetic & Medical Supplies**
933 Clint Moore Road
Boca Raton FL 33487
Phone # 1-888-777-0737 - Fax # 1-866-283-2031

Your patient has asked us to contact you regarding authorization for a Nebulizer and its medications to help with their breathing problems. Your help in this matter is greatly appreciated by your patient and us. **Please review the prescriptions to sections 1, 2 & 3 before signing.** In order to supply these products to your patient, under the Medicare program, we must obtain a signed order by the patient's physician. Kindly sign and fax this form to our TOLL FREE FAX # above. Your cooperation will be greatly appreciated. THANK YOU!

**7/2/2013**

Patients Name: SIR LOVE　　　　　　　　　　　DOB: 6/26/2001
　　　　　　3617 1/2 SCHALCK DR
　　　　　　ROCKFORD IL 00006-1103　Policy: COMMERCIAL　　ID: 22293223*NEB

Please Fill Out the Prescription Completely. Place a (X) next to all Medications that apply.

## PLEASE SPECIFY DIRECTIONS FOR RX

→ ☑ **Ipratropium-Albuterol** 0.5-3 mg / 3 ml (DUONEB Equivalent)

[ ] BID [ ] TID [ ] QID [ ] Q 4 hours　*Q4 unless otherwise indicated*　　　(90 day supply)
REFILLS: 　12 unless otherwise indicated

**SECTION 2**

→ ☑ **Nebulizer Kit** ( ) Filters ( ) Aerosol Mask

→ **Diagnosis Codes:**

Please put a (X) next to all that apply.

[ ] 493.90 Bronch Asthma　[ ]　492.8 Emphysema　[ ]　496 C.O.P.D

[ ] OTHER:_____

DURATION OF NEED: 12 MONTHS UNLESS OTHERWISE SPECIFIED _____

**SECTION 3**

⇒Physicians Signature: _____ Date: _____
　　　　　　　　　　　(NO STAMPS)　　　NPI #　1932126711

Physician Name: MURTAZA  HAMEED　　　　　Phone # (630) 499-2583
4255 WESTBROOK DR　　　　　　　　　　　Fax# (321) 600-5891
213
AURORA IL 60504-0000